1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| E-TICKETS SOFTWARE, INC., a California corporation, | ) ) ) | CASE NO. 07 CV 1645 BEN JMA |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE |
| NEW YEARS NATION, LLC, a New York Domestic Limited Liability Company; JANN YOGMAN, an individual, Defendants. | ) ) ) ) ) | |
| | ) ) ) | |

19
20
21
22
23
24
25
26
27
28

    Defendants New Year's Nation, LLC (incorrectly named as New Years Nation, LLC) and Jann Yogman ("Defendants") filed a Motion to Dismiss Action for Improper Venue or, in the Alternative, to Transfer Venue ("Motion") with this Court on October 17, 2007.  Plaintiff E-Tickets Software, Inc. ("Plaintiff") has not opposed the Motion.  Defendants asked the Court to dismiss this action or to transfer it to the U.S. District Court for the Southern District of New York, where there is a related case pending.  The Court agrees with Defendants that New York is a proper venue for this case and orders the present action to be transferred to the Southern District of New York.

    In support of their Motion, Defendants attached a copy of the complaint they filed against Plaintiff in the U.S. District Court for the Southern District of New York on July 31, 2007.  Plaintiff filed the present action with this Court against Defendants nearly a month later – on August 20, 2007.

1   "There is a generally recognized doctrine of federal comity which permits a district court to decline

2   jurisdiction over an action when a complaint involving the same parties and issues has already been

3   filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982)

4   (citations omitted).  Because the July 31, 2007 action involves the same parties, this case must be

5   transferred to the Southern District of New York, where the previously filed related case is pending.

6   Furthermore, in support of their Motion, Defendants attached a declaration indicating that an

7   earlier agreement between the parties contains a forum selection clause providing that "any action,

8   demand, claim or counterclaim relating to the terms and provisions of this Agreement, or to its

9   breach, shall be commenced in New York in a stage or federal district court of competent

10  jurisdiction." *See* Yogman Decl. Ex. B ¶ 4, Docket Entry No. 9.2.  Plaintiff failed to file an

11  opposition to Defendants' Motion or to dispute the validity of this agreement.  The Court, therefore,

12  presumes that the forum selection clause in this agreement is valid.  "[A] freely negotiated private . .

13  . agreement, unaffected by fraud, undue influence, or overweening bargaining power, such as that

14  involved here, should be given full effect." *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 591

15  (1991) (quotations and citations omitted).  The forum selection clause provides that the parties must

16  resolve their disputes in New York.  Accordingly, this lawsuit was improperly brought before this

17  Court.

18  Finally, Defendants' unopposed Motion indicates that a transfer to the Southern District of

19  New York is necessary for the convenience of the parties and witnesses.  It appears that a number of

20  Defendants' witnesses are present in New York; that the contract was negotiated, at least in part, in

21  New York; that the actions leading to the dispute and the present lawsuit occurred in New York; and

22  that at least one Defendant is a New York resident.  These factors further weight in favor of a

23  transfer.

24  IT IS HEREBY ORDERED that Defendants' Motion to Transfer Venue is GRANTED, and

25  this action is transferred to the U.S. District Court for the Southern District of New York and

26  ///

27  ///

28  ///

consolidated with the earlier filed, related case, no. 07-CV-06876-NRB.

IT IS SO ORDERED.

DATED:   November 13, 2007

_____
Hon. Roger T. Benitez
United States District Judge

3

07 CV 1645